UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In re:

DANIEL E. ANGER,                                    Case No. 07-58786
                                                    Chapter 7
                    Debtor.                          Hon. Marci B. McIvor

_____/

YVONNE TURNAGE, Conservator
for the Estate of JOSEPH TURNAGE,
a minor,

                    Plaintiff,

                                                    Adv. Proc. 07-6823


DANIEL E. ANGER,

                    Defendant.

_____/


OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PURSUANT TO § 1328(a)(4) AND § 523(a)(6)

On October 28, 2008, the Plaintiff filed this Motion for Summary Judgment. The

Plaintiff argues that the amount the Defendant owes the Plaintiff pursuant to a state

court judgment is non-dischargeable under § 1328(a)(4) and § 523(a)(6). The

Defendant responds to the Motion for Summary Judgment with a blanket denial of the

allegations against him. For the following reasons, this Court GRANTS summary

judgment for the Plaintiff under § 1328(a)(4) and § 523(a)(6).

1

I.

FACTUAL BACKGROUND

On August 17, 2006, Plaintiff's son, Joseph Turnage, was sexually molested by Defendant. The Plaintiff's son was 12 years old at the time. On January 23, 2007, the Defendant, a male in his 40's, was convicted of Second Degree Criminal Sexual Conduct Involving a Child Under 13 pursuant to M.C.L. § 750.520C

On June 27, 2007, the Plaintiff filed a civil action on behalf of her son, Joseph Turnage, against the Defendant in Wayne County Circuit Court, entitled *Turnage v. Anger*, Case No. 07-720144 CZ. The Civil Action alleged assault and battery, intentional infliction of emotional distress, negligent entrustment, and negligent infliction of emotional distress.

On September 20, 2007, the Defendant filed for chapter 13 bankruptcy. On December 28, 2007, Plaintiff filed an Adversary Complaint in the Defendant's bankruptcy alleging non-dischargeability under 11 U.S.C. §§ 1328(a)(4) and 523(a)(6).

On February 25, 2008, this Court modified the automatic stay to permit the Plaintiff to reduce her claim to a Judgment in state court. On May 23, 2008, the Plaintiff filed a Motion for Summary Disposition in the state court action. This motion set forth a number of exhibits, including psychological evaluations.

On August 15, 2008, the Wayne County Circuit Court held a hearing on the Plaintiff's Motion for Summary Disposition. The Defendant appeared at this hearing to contest the motion. After reviewing the motion, examining the evidence and taking testimony, the Circuit Court entered an Order Granting Summary Disposition. In this Order, the Circuit Court made several factual findings that relate to the damages the

2

Plaintiff's son has suffered. The Circuit Court found that:

a.      After being molested by the Defendant, the Plaintiff's son experienced  trouble at his school. Other students found out about the Defendant's conduct and started calling Plaintiff's son a "faggot,"

b.      Despite going through counseling, Plaintiff's son suffers from Post Traumatic Stress Syndrome and has difficulty sleeping,

c.      The Defendant's conduct has turned Plaintiff's son from a social butterfly to a child that cuts himself and has a deep distrust of men, especially older men.

The Circuit Court further found that in molesting a 12 year old boy the Defendant acted willfully and with malice, and the Plaintiff's son suffered an injury as a result of this conduct.  The Circuit Court awarded Plaintiff the sum of $2,500,000 in damages. The Defendant appealed this award.  On December 12, 2008, the Michigan Court of Appeals dismissed Defendant's appeal for failure to pay the filing fee.

On October 28, 2008, Plaintiff filed this Motion for Summary Judgment, alleging that, in light of the factual findings made by the Circuit Court and the judgment entered, Defendant's debt to Plaintiff, in the amount of $2,500,000, is not dischargeable in bankruptcy pursuant to 11 U.S.C. §§ 1328(a)(4) and 523(a)(6).  Defendant, who is not represented by counsel, merely presents a blanket denial of all allegations.


II.

STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056 (Rule 56 applies in adversary proceedings).  The

3

central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252. The court must believe the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Liberty Lobby*, 477 U.S. at 255.

### III.

### JURISDICTION

Bankruptcy courts have jurisdiction over all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. 28 U.S.C. §§ 1334 & 157. Core proceedings include proceedings to determine dischargeability. *Id.* § 157(b)(2)(I). As this is a proceeding to determine dischargeability, this is a core

4

proceeding under 28 U.S.C. § 157(b).  Thus, this Court has jurisdiction over this matter.

IV.

ANALYSIS

The Plaintiff alleges that a 2.5 million dollar state court judgment resulting from the Defendant's molestation of Plaintiff's son is non-dischargeable under § 1328(a)(4) and § 523(a)(6).

A.    The Defendants' Debt to the Plaintiffs is Non-Dischargeable Under § 1328(a)(4).

11 U.S.C. § 1328(a)(4) states, in part:

 . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt --

    (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

The Plaintiff argues that the doctrines of full faith and credit and collateral estoppel require that this Court find the state court judgment non-dischargeable under 11 U.S.C. § 1328(a)(4).

This Court finds that, under the doctrines of full faith and credit and collateral estoppel, this Court must give full force and effect to the Wayne County Circuit Court Judgment which found that "the Defendant acted willfully and with malice when he sexually molested Joseph Turnage."  Accordingly, this Court holds that the state court findings of willful and malicious conduct are sufficient for rendering the Defendants' debt to the Plaintiffs non-dischargeable under 11 U.S.C. § 1328(a)(4).

5

1.     <u>Full Faith and Credit</u>

Pursuant to the United States Constitution and federal statute, each state must give full faith and credit to the judicial proceedings of every other state. U.S. Const., Art. IV, § 1; 28 U.S.C. § 1738. The principal of full faith and credit is put into effect via the doctrine of collateral estoppel, which applies in dischargeability actions. *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). Thus, a federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *In re Bursack*, 65 F.3d 51 (6th Cir. 1995). In other words, federal courts are required to apply the doctrine of collateral estoppel with respect to state court judgments. *Smith v. Sushka,* 117 F.3d 965, 969 (6th Cir. 1997).

2.     <u>Collateral Estoppel</u>

Collateral estoppel principles apply in nondischargeability proceedings. *In re Bursack*, 65 F.3d 52-53; *In re West*, 163 B.R. 133, 139 (N.D. Ill. 1993). Even though Congress permits the bankruptcy court to determine the issue of whether a debt is dischargeable, Congress did not require the bankruptcy court to redetermine all the underlying facts. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981). "Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments." *Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir. 1987).

The doctrine of collateral estoppel prevents an issue from being relitigated where the issue was actually litigated and necessarily decided – that is, the issue was essential

6

to the final judgment in the prior proceeding. *Smith v. Sushka,* 117 F.3d at 969. Under

Michigan law, collateral estoppel applies when:

i) there is identity of parties across the proceedings;

ii) there was a valid, final judgment in the first proceedings;

iii) the same issue was actually litigated and necessarily determined in the first proceeding; and

iv) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Hinchman v. Moore,* 312 F.3d 198, 202 (6th Cir. 2002) *citing Darrah v. City of Oak Park*,

255 F.3d 301, 311 (6th Cir. 2001)(*citing People v. Gates*, 452 N.W.2d 627, 630-31 (Mich.

1990)).

a.     Identity of Parties Across the Proceedings

The first requirement of collateral estoppel requires that the same parties are

involved in both the initial and the subsequent case. This is a requirement known as the

doctrine of mutuality of estoppel.

The doctrine of mutuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must also have been a party, or a privy to a party, in the previous action. In other words, 'the estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him'.

*Lichon v. Am. Universal Ins. Co.*, 459 N.W.2d 288, 297-98 (Mich. 1990)(*quoting Howell*

*v. Vito's Trucking & Excavating Co.*, 191 N.W.2d 313, 316 (Mich. 1971)). In this case,

both the Plaintiff and the Defendant had an interest in the subject matter affected by the

Wayne County Circuit Court Order as well as in the present dischargeability action. This

satisfies the Michigan requirement for mutuality of estoppel. *In re Waldorf*, 206 B.R. 858,

7

863 (Bankr. E.D. Mich. 1997).

b.     Valid, Final Judgment in the First Proceeding

The second requirement of collateral estoppel requires a valid, final judgment in

the first proceeding.  In this case, the Plaintiff obtained an Order Granting Summary

Disposition which granted a judgment against the Defendant in the amount of 2.5 million

dollars.  The Defendant appealed the Circuit Court Order Granting Summary Disposition.

The Defendant's appeal was dismissed by the Michigan Court of Appeals on December

12, 2008.  Therefore, this Court finds that there has been a valid, final judgment in the

state court proceedings.

c.     The Issue Was Actually Litigated and Necessarily Determined in the First
       Proceeding

The third requirement of collateral estoppel requires that the issue was actually

litigated and necessarily determined in the first proceeding.  This third requirement raises

two questions: 1) whether the issue in the subsequent proceeding is the same as the

issue in the prior proceeding, and 2) whether the issue in the prior proceeding was

actually litigated and necessarily determined.

First, with respect to the question of whether the issue in the subsequent

proceeding is the same as the issue in the prior proceeding, this Court finds that the

issues are the same.  Specifically, the issue of whether the Defendant acted willfully and

with malice when he sexually molested Joseph Turnage is the same issue for the

determination of non-dischargeability under § 1328(a)(4).  Section 1328(a)(4) excepts

8

from a general chapter 13 discharge any debt "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." This Court finds that the issue of whether the Defendant committed a willful or malicious injury for purposes of § 1328(a)(4) is identical to the issue resolved by the state court.

With respect to the issue of whether the willful or malicious injury was actually litigated and necessarily determined in the prior case, this Court finds that it was. The Defendant was given notice of the proceedings against him, appeared at two hearings, and contested the motion for summary disposition in the Wayne County Circuit Court. Only minimal participation in the state court case is necessary for collateral estoppel to apply. *See, Kalita*, 202 B.R. 889, 913 (Bankr. W.D. Mich. 1996)(a *default judgment* is given preclusive effect where there was sufficient participation by the parties to meet the actual litigation requirement); *Bursack*, 65 F.3d at 54 (collateral estoppel effect granted for a default judgment from the state court where the defendant retained an attorney, filed an answer, asserted cross-claims, and participated in discovery prior to the default judgment being entered). In this case, Defendant participated in the prior case by attending hearings and contesting Plaintiff's Motion for Summary Disposition. Based on the record before it, the state court made findings of fact. This court finds that the issue of whether Defendant's conduct was willful and malicious, was actually litigated and necessarily determined in the prior proceeding.

9

d. <u>The Party Against Whom the Doctrine Is Asserted Had a Full and Fair Opportunity to Litigate the Issue in the Earlier Proceeding</u>

The fourth requirement of collateral estoppel requires that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding. Before the doctrine of collateral estoppel can be invoked, the parties against whom it is asserted must have been afforded a full and fair opportunity to litigate the issue in the prior proceeding. Based on the record in state court, this Court finds that the Defendant had a full and fair opportunity to litigate in the state court.

Because all four requirements of collateral estoppel have been met, this Court grants summary judgment for the Plaintiff under § 1328(a)(4) and holds that the Defendant's debt to the Plaintiff is non-dischargeable.

II. <u>If Debtor Receives a Hardship Discharge, the Debt to Plaintiff Is Non-Dischargeable under § 523(a)(6).</u>

The Defendant's chapter 13 plan was confirmed on December 12, 2007. The plan is a 36 month plan and Defendant will be eligible for a discharge under 11 U.S.C. § 1328(a) in October 2010. While a chapter 13 discharge is generally granted under 11 U.S.C. § 1328(a), the Bankruptcy Code provides that if a debtor is unable to complete plan payments due to circumstances beyond the debtor's control, the debtor may obtain a "hardship discharge" under 11 U.S.C. 1328(b).[1] 11 U.S.C. § 1328(b) does not contain

---

[1]1328(b) states:

(b) Subject to subsection (d), at any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed plan payments under the plan only if –

10

an exception for damages awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor. However, 11 U.S.C. § 1328(c) states that a discharge granted under § 1328(b) excepts from discharge debtors "of a kind specified in section 523(a) of this title." 11 U.S.C.§ 1328(c)(2). Section 523(a)(6) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
> ...
>> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

In this case, this Court finds that, for the same reasons set forth above, the judgment against the Defendant was for a willful and malicious injury by the Defendant to the Plaintiff's son. Therefore, if Defendant obtains a hardship discharge under 11 U.S.C.§ 1328(b), rather than a discharge under 11 U.S.C. § 1328(a), Defendant's debt is non-dischargeable under § 523(a)(6).

V.

CONCLUSION

For the reasons set forth above, this Court finds that there are no questions of fact

---

> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
>
> (3) modification of the plan under section 1329 of this title is not practicable.

11

with regards to the non-dischargeability of the Defendant's debt to the Plaintiff.

Therefore, this Court GRANTS summary judgment for the Plaintiff under § 1328(a)(4) and § 523(a)(6).

Signed on December 18, 2008

                              /s/ Marci B. McIvor
                         Marci B. McIvor
                         United States Bankruptcy Judge